IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:07CR101 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| CHARLES CRICK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's objection, Filing No. 20, to the report and recommendation (R&R), of the magistrate, Filing No. 19. Defendant was charged in a two-count indictment for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1) and for forfeiture of property pursuant to 21 U.S.C. § 853. Defendant filed a motion to suppress, Filing No. 10, and the magistrate judge recommended the defendant's motion be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has carefully reviewed the entire record including the transcript of the suppression hearing, Filing No. 18, the briefs, and the relevant caselaw. The court accepts the facts set out in the R&R and they need not be repeated here, except to the extent necessary to this court's findings. The court finds the objections to the report and recommendation are overruled.

**Background**

Officer Jeffery Vaughn observed defendant driving a vehicle and pulling a trailer that crossed approximately twelve feet into a third lane of traffic. Officer Vaughn pulled

defendant over and ultimately gave defendant a warning ticket. While checking defendant's vehicle registration and license, Officer Vaughn asked defendant to join him in the police cruiser. Officer Vaughn testified that he asked defendant a series of questions concerning his whereabouts. Defendant became very nervous and was unable to answer basic questions regarding what hotel he had stayed in while in Arizona and the name of the convention he attended. He apparently left the convention the day it started. Officer Vaughn testified that the defendant's nervousness was worse than a typical person who is pulled over by a police officer. Officer Vaughn gave defendant his warning ticket and then asked defendant if it would be permissible to ask more questions. After asking a few more questions, Officer Vaughn indicated he would like to search the car. Defendant said no that he wanted to leave, and then Officer Vaughn told him to wait a second. About that time, a back-up patrol officer arrived. Officer Vaughn then took his drug dog out of his vehicle and walked it around the vehicle and trailer a couple of times. The dog alerted to drugs. The car was searched at the site, then towed to the impound lot where the officers further searched the vehicles. The search disclosed a substantial amount of marijuana.

The magistrate conducted a suppression hearing and determined the stop, detention and subsequent search were lawful. Defendant objects to these findings as addressed below.

### Discussion

Defendant first argues that the stop was unlawful. The court concludes that the initial stop was valid. Any stop, even for minor infractions, are lawful. *United States v. Malleri*, 334 F.3d 765, 766 (8th Cir. 2003). The lane change infraction, given as the reason

for the stop, violates Nebraska law.  Neb. Rev. Stat. § 60-6,139(1).  Accordingly, the court finds no constitutional violation related to the initial stop of the defendant.

Officer Vaughn made a decision to give defendant a warning ticket.  He then asked the defendant if he could search his vehicle and the defendant declined.   The officer then detained defendant, and the court finds that the defendant was fully detained at that time. However, when an officer develops reasonable, articulable suspicion of criminal activity, he may further expand his investigation and may detain the individual and the automobile for further inquiry.  *United States v. Poulack*,  236 F.3d 932, 935-36 (8th Cir. 2001).  Further, the court finds the dog search is a minimum intrusion as analyzed by the Eighth Circuit. *United States v. Alexander*, 448 F.3d 1014, 1016 (8th Cir. 2006).  The court determines the facts support a finding that Officer Vaughn had reasonable suspicion of criminal activity based on the behavior of the defendant and his evasive and incomplete answers to routine questions.  Accordingly, the court adopts the report and recommendation of the magistrate and overrules the objections of the defendant.

THEREFORE, IT IS ORDERED:

1. Defendant's objections, Filing No. 20, are overruled;
2. Defendant's motion to suppress, Filing No.10, is denied; and
3. The report and recommendation of the magistrate, Filing No. 19, is adopted in its entirety.

DATED this 8th day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge